1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL V. LUJAN,

11            Petitioner,              No. CIV S-06-0923 LKK EFB P
            vs.
12

13   JAMES YATES, Warden,              FINDINGS & RECOMMENDATIONS

14            Respondent.
                                    /
15

16         Petitioner is a state prisoner proceeding pro se with an application for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  He challenges his 2003 conviction of five counts of lewd

18   and lascivious acts upon a child under the age of 14 years, California Penal Code (Cal. Pen.

19   Code) § 288(b), and one count of aggravated sexual assault, Cal. Pen. Code § 269, and his

20   sentence of 53 years, plus 30 years to life imposed for those convictions.

21         Petitioner asserts three claims of ineffective assistance of counsel in grounds one, two

22   and four.  He asserts in ground three a claim that a defect in the chain of custody allowed the

23   admission of contaminated evidence.  His claim of ineffective assistance of counsel in ground

24   one is a conflated claim that his first trial counsel failed to hire an investigator and failed to

25   investigate for a 29-month period; and that his second trial counsel failed to argue "the prejudice

26   issue," a reference to the alleged ineffective assistance by the prior attorney.  He also alleges that

1

1 his second trial counsel made statements at sentencing that harmed petitioner's motion for a new

2 trial.  Petitioner's second claim alleges ineffective assistance due to counsel's failure to request a

3 bail hearing.  His fourth claim asserts that trial counsel rendered ineffective assistance in failing

4 to obtain evidence from a key witness.

5     This matter is currently before the court on respondent's June 30, 2006, motion to

6 dismiss the petition for failure to exhaust state remedies.

7 **I.     Applicable Law**

8     The exhaustion of state court remedies is a prerequisite to a petition for writ of habeas

9 corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived explicitly by

10 respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may not be

11 implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the highest

12 state court with a full and fair opportunity to consider all claims before presenting them to the

13 federal court.  *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083,

14 1086 (9th Cir.), *cert. denied*, 478 U.S. 1021 (1986).

15     A state court has had an opportunity to rule on the merits when the petitioner has fairly

16 presented the claim to that court.  The fair presentation requirement is met where the petitioner

17 has described the operative facts and legal theory on which his claim is based.  *Picard*, 404 U.S.

18 at 277 - 78.  The United States Supreme Court has held that a federal district court may not

19 entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with

20 respect to each of the claims raised.  *Rose v. Lundy*, 455 U.S. 509 (1982).  A mixed petition

21 containing both exhausted and unexhausted claims must be dismissed.

22 **II.    Procedural History**

23     Petitioner was convicted in Sacramento County Superior Court on August 29, 2002, and

24 sentenced to a total of 83 years to life on January 21, 2003.  Petitioner sought relief on direct

25

26     [1] A petition may be denied on the merits without exhaustion of state court remedies.  28
U.S.C. § 2254(b)(2).

1  appeal to the California Court of Appeal, Third District, raising claims of ineffective assistance

2  of counsel and an unconstitutional sentencing under *Apprendi v. New Jersey*, 530 U.S. 466

3  (2000), and *Blakely v. Washington*, 524 U.S. 296 (2004).  In that petition he specifically claimed

4  ineffective assistance of his first appointed trial counsel for delayed investigation and failure to

5  obtain telephone records to establish alibi evidence.  As to his second appointed trial counsel,

6  who was appointed following a breakdown in communication between petitioner and his

7  previous attorney, petitioner claimed ineffective assistance for failure to argue the ineffective

8  assistance of the previous attorney.  Petitioner also claims that the second appointed counsel was

9  ineffective because he conceded issues regarding DNA evidence and the opportunity to commit

10  the crime, allegedly made damaging statements, misattributed testimony from one witness to

11  another, and submitted inadmissible documents in support of the motion for new trial.  The Third

12  District Court of Appeal issued an unpublished decision on January 27, 2005,[2] denying

13  petitioner's appeal on his claims of ineffective assistance of counsel but remanding for

14  resentencing because the trial court failed to state its reasons for imposing consecutive sentences.

15        Petitioner filed a petition for a writ of habeas corpus in the California Supreme Court,

16  alleging ineffective assistance of his first trial counsel for failing to investigate; ineffective

17  assistance of his second trial counsel for failing to argue in a motion for a new trial that his first

18  counsel was ineffective or that petitioner was thereby prejudiced; and that the trial court's

19  sentence violated his Sixth and Fourteenth Amendment rights under *Apprendi*, 530, U.S. 466,

20  and *Blakely*, 524 U.S. 296.  The California Supreme Court denied the petition on May 11, 2005,

21  "without prejudice to any relief to which [petitioner] might be entitled after this court determines

22  in *People v. Black*, S126182, and *People v. Towne*, S125677, the effect of *Blakely v.*

23  *Washington*...."  (Lod. Doc. 4)

24  ////

25

26       [2] *People v. Michael Vincent Lujan*, No. C043275, 2005 WL 247413 (Cal.App. 3 Dist. 2005).

1  **III.    Analysis**

2      After reviewing the petition for habeas corpus, the court finds two of petitioner's claims

3  to be unexhausted, as they were never fairly presented to the California Supreme Court. Those

4  claims are that trial counsel rendered ineffective assistance because of his failure to request a bail

5  hearing and that evidence admitted at trial was contaminated due to a break in the chain of

6  custody.  Petitioner does not allege that state court remedies are no longer available to petitioner

7  with regard to these issues.  Accordingly, this court must therefore recommend that respondent's

8  motion to dismiss be granted for petitioner's inclusion of unexhausted claims.

9  **IV.    Request for Stay and Abeyance**

10      Petitioner's opposition to the motion to dismiss requests the court to stay and hold in

11  abeyance the instant petition pending the United States Supreme Court's decision in

12  *Cunningham v. California*, __ U.S. __, 127 S.Ct. 856 (2006).  The Court granted *certiorari* in

13  that case to address the issue whether California's Determinate Sentencing Law, by permitting

14  sentencing judges to impose enhanced sentences based upon their determination of facts not

15  found by the jury or admitted by defendant, violates the Sixth and Fourteenth Amendments.  A

16  stay, however, is unnecessary.  First, the High Court ruled in *Cunningham* on January 22, 2007.

17  Secondly, the instant petition does not include a claim under *Apprendi*, *Blakely* and

18  *Cunningham*.  It appears from the briefs that petitioner may have intended to include such a

19  claim, but he did not do so.

20  Accordingly, the current petition must be dismissed for failure to include only exhausted claims.

21   Should petitioner decide to file an amended petition in this action, he may then include all

22  exhausted claims including his sentencing claims.

23  ////

24  ////

25  ////

26  ////

1    Accordingly, IT IS HEREBY RECOMMENDED that:

2    1.  Respondent's June 30, 2006, motion to dismiss the petition for failure to exhaust be

3  granted;[3]

4    2.  Petitioner's motion for stay and abeyance be denied as moot; and

5    3.  Petitioner be granted 30 days from the date this order is served in which to file an

6  amended petition presenting only exhausted claims.

7    These findings and recommendations are submitted to the United States District Judge

8  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after

9  being served with these findings and recommendations, any party may file written objections

10  with the court and serve a copy on all parties.  Such a document should be captioned "Objections

11  to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the

12  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

13  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

14  DATED:   March 19, 2007.

15

16                              EDMUND F. BRENNAN
                               UNITED STATES MAGISTRATE JUDGE
17

18
_____

19    [3]  Petitioner may now proceed in one of two ways.  He may exhaust the unexhausted
    claims in state court by presenting those claims using the appropriate procedure to the California
20  courts.  Any such claims must allege with particularity all the facts concerning these claims.
    After exhaustion of all available remedies in the state courts, his claims may then be considered
21  by the federal court.  In the alternative, petitioner may file a new petition in this court in which
    he raises *only* the exhausted claims.  If petitioner chooses the second method, however, the court
22  cautions that he will risk forfeiting consideration of the unexhausted claims in this or any other
    federal court. *See McCleskey v. Zant*, 499 U.S. 467 (1991); *see also Rose*, 455 U.S. at 520-21;
23  Rule 9(b), Rules Governing Section 2254 Cases.
            Petitioner is admonished that the habeas corpus statute imposes a one-year statute of
24  limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one-
    year period will start to run on the date on which the state court judgment became final by the
25  conclusion of direct review or the expiration of time for seeking direct review, although the
    statute of limitations is tolled while a properly filed application for state post-conviction or other
26  collateral review is pending.  28 U.S.C. § 2244(d).