1

2

3

4

5

6

7

8        IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MICHAEL V. LUJAN,

11             Petitioner,              No. CIV S-06-0923 LKK EFB P

12        vs.

13   WARDEN JAMES YATES,

14             Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16        Petitioner is a state prisoner proceeding without counsel on a petition for a writ of habeas

17   corpus pursuant to 28 U.S.C. § 2254.  Respondent moves to dismiss the petition on the ground

18   that it is untimely.  For the reasons stated below, the motion must be denied.

19        Petitioner commenced this action with his original petition, filed on April 14, 2006.

20   Dckt. No. 1.  Respondent moved to dismiss that petition because it contained unexhausted

21   claims.  Dckt. No. 11.  On March 20, 2007, this court issued findings and recommendations,

22   which identified petitioner's claims as follows: (1) a claim that petitioner's first trial counsel

23   failed to hire an investigator and failed to investigate for a 29-month period; (2) petitioner's

24   second or replacement trial counsel failed to argue "the prejudice issue," a reference to the

25   alleged ineffective assistance by the prior attorney; (3) a claim that the second trial counsel made

26   statements at sentencing that harmed petitioner's motion for a new trial; (4) a claim that trial

1

counsel rendered ineffective assistance in failing to obtain evidence from a key witness; (5) a

defect in the chain of custody allowed the admission of contaminated evidence; and (6)

ineffective assistance due to counsel's failure to request a bail hearing.  Dckt. No. 20 at 1-2.  The

court found that claims five and six, identified above, had not been exhausted, and for that

reason recommended that respondent's motion to dismiss be granted and that petitioner be

granted leave to file an amended petition presenting only his exhausted claims.  *Id.* at 4, 5.

Petitioner filed an amended petition on April 24, 2007, and on May 8, 2007, the assigned district

judge adopted the March 20, 2007 findings and recommendations.  Dckt. Nos. 22, 23.

Respondent now moves to dismiss the amended petition as untimely.  In doing so,

respondent concedes that the original petition was timely filed and that the amended petition

contains exhausted claims only.  Resp.'s Mot. to Dism. ("Mot.") at 1, 2.  Respondent does not

specifically address any of the claims in the petition, but instead, argues that the statute of

limitations expired on August 9, 2006, and therefore, the entire amended petition, filed April 24,

2007, must be dismissed.  *Id.* at 6-7.  Respondent's motion makes no reference to the relation

back doctrine, as codified in Rule 15(c) of the Federal Rules of Civil Procedure.  Rule 15(c)

permits relation back of amendments to pleadings when the claim asserted in the amended

pleading arises out of the "conduct, transaction, or occurrence set out--or attempted to be set out-

-in the original pleading."  Fed. R. Civ. P. 15(c); Rule 12, Rules Governing Section 2254

Proceedings; *see also Mayle v Felix*, 545 U.S. 644, 664 (2005) ("So long as the original and

amended petitions state claims that are tied to a common core of operative facts, relation back

will be in order.").  The amended petition contains claims identical to those that were included in

the original petition and identified by the court as exhausted.  These amendments unquestionably

satisfy the requirements of Rule 15(c) and relate back to the original, and timely filed, petition.

They are therefore, not barred by the statute of limitations.  To the extent the amended petition

includes claims that do not share a "common core of operative facts" with those raised in the

original petition, respondent fails to identify them.  Therefore, respondent's motion to dismiss

1    must be denied.

2           Accordingly, it is hereby RECOMMENDED that:

3           1.  Respondent's March 19, 2009 motion to dismiss be denied;

4           2.  Respondent be directed to file and serve an answer and not a motion in response to

5    petitioner's application within 60 days, *see* Rule 4, Fed. R. Governing § 2254 Cases, and that the

6    response be accompanied by any and all transcripts or other documents relevant to the

7    determination of the issues presented in the application, *see* Rules 4, 5, Fed. R. Governing §

8    2254 Cases; and

9           3.  Petitioner be directed to file his reply, if any, within 30 days of service of the

10   answer.

11          These findings and recommendations are submitted to the United States District Judge

12   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-one

13   days after being served with these findings and recommendations, any party may file written

14   objections with the court and serve a copy on all parties.  Such a document should be captioned

15   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

16   within the specified time may waive the right to appeal the District Court's order. *Turner v.*

17   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18   Dated:  December 17, 2009.

19

20                         EDMUND F. BRENNAN
                           UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26